ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| TAISHA LEE RIVERA FLORES<br><br>Peticionaria<br><br>v.<br><br>WILMER MARTÍNEZ MOJICA<br><br>Recurrido | **KLCE202301399** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Carolina<br><br>Civil Núm.: TJ2023RF00152<br><br>Sobre: Divorcio |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz y la Jueza Mateu Meléndez.

Bonilla Ortiz, Juez Ponente

### SENTENCIA

En San Juan, Puerto Rico a 22 de enero de 2024.

Comparece ante este foro la Sra. Taisha Lee Rivera Flores (señora Rivera o "la peticionaria") y solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Carolina, notificada el 13 de noviembre de 2023. Mediante esta, el foro primario denegó la solicitud instada por la señora Rivera, para que se le permitiera emplazar y notificar por edictos al Sr. Wilmer Martínez Mojica (señor Martínez).

Por los fundamentos que se exponen a continuación, **EXPEDIMOS** el recurso de *certiorari* solicitado y **REVOCAMOS** la *Orden* recurrida.

### I.

La señora Rivera y el señor Martínez contrajeron nupcias el 21 de junio de 2017, en Carolina, Puerto Rico. Durante el matrimonio, procrearon dos hijos J.I.M.R. de 5 años de edad y J.I.M.R. de 4 años de edad. El 24 de octubre de 2023, la peticionaria presentó una *Demanda* sobre divorcio por ruptura irreparable en contra del

señor Martínez.[1] Como remedio, solicitó al foro primario que declarase roto y disuelto el vínculo matrimonial existente entre las partes, por la causal de ruptura irreparable.

En la misma fecha, la señora Rivera presentó una *Moción para Emplazar por Medio de Edicto*.[2] Mediante esta, solicitó del foro primario que autorizara el emplazamiento del señor Martínez mediante la publicación de un edicto. Señaló que, la última dirección conocida del señor Martínez es fuera de la jurisdicción de Puerto Rico, 4806 Haunting Lodge Dr., St. Cloud, Florida, 34772. La peticionaria anejó a la referida moción una declaración jurada suscrita por ella misma.[3]

Posteriormente, el 2 de noviembre de 2023, la señora Rivera presentó *Moción Sometiendo PIPE y Solicitud se nos Expida Orden y Edicto*.[4] En la cual, arguyó que no ha recibido la orden sobre publicación de edicto, ni el edicto por parte del foro primario.

Tras evaluar la moción de la peticionaria, el 13 de noviembre de 2023, el foro de instancia notificó una *Orden*.[5] En virtud de esta dispuso lo siguiente:

> No ha lugar. Cúmpla con las Reglas de Procedimiento Civil. Debe contratar emplazador privado sin interés en el pleito que realize las gestiones para emplazar y acredite las mismas bajo juramento. La declaración jurada no puede ser de la parte con interés en el pleito.

Insatisfecha con la referida orden, la señora Rivera presentó *Moción de Reconsideración*.[6] Alegó que,

---

[1] *Demanda*, anejo I, págs. 1-10 del apéndice del recurso.
[2] *Moción para Emplazar por Medio de Edicto*, anejo II, págs. 11-16 del apéndice del recurso.
[3] *Íd.*, pág. 13.
[4] *Moción Sometiendo PIPE y Solicitud se nos expida Orden y Edicto*, anejo V, págs. 25-35 del apéndice del recurso.
[5] *Orden*, anejo VI, págs. 33-34 del apéndice del recurso.
[6] *Moción de Reconsideración*, anejo VII, págs. 35-39 del apéndice del recurso.

cumplió con lo dispuesto en la Regla 4.6 de Procedimiento Civil, al presentar una declaración jurada mediante la cual manifestó bajo juramento que el señor Martínez reside fuera de la jurisdicción de Puerto Rico, siendo la última dirección conocida: 4806 Haunting Lodge Dr., St. Cloud, Florida, 34772, como a su vez, esbozó que es parte indispensable en el pleito. Por consiguiente, solicitó se expidiera la orden y el edicto para emplazar al señor Martínez.

Luego de evaluar la solicitud de reconsideración, el 16 de noviembre de 2023, el foro primario la declaró *No Ha Lugar*.[7]

Aún inconforme, el 11 de diciembre de 2023, la señora Rivera presentó el recurso de *Certiorari* de epígrafe. En virtud de este, la peticionaria adujo que el foro primario cometió el siguiente señalamiento de error:

> Erró el Honorable Tribunal de Primera Instancia, Sala de Carolina, al declarar No Ha Lugar la solicitud de emplazar mediante edicto, estando la parte demandada fuera de la jurisdicción de Puerto Rico.

El 13 de diciembre de 2023, emitimos una *Resolución* mediante la cual le concedimos quince (15) días a la parte recurrida para comparecer por escrito a presentarnos su postura. Transcurrido el referido término, el recurrido no compareció. Así, declaramos perfeccionado el recurso de epígrafe y procedemos a disponer de la cuestión planteada, sin necesidad de trámites ulteriores.

**II.**

**-A-**

---

[7] *Orden*, anejo IX, págs. 41-42 del apéndice del recurso.

En lo sustantivo, el *certiorari* es un recurso extraordinario y discrecional expedido por un tribunal superior a otro inferior, mediante el cual el primero está facultado para enmendar errores cometidos por el segundo, cuando "el procedimiento adoptado no esté de acuerdo con las prescripciones de la ley." Véase: Artículo 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491; *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz De León*, 176 DPR 913, 917-918 (2009). La expedición del auto descansa en la sana discreción del tribunal. *800 Ponce de León v. AIG*, 205 DPR 163 (2020); *Medina Nazario v. McNeill Healthcare*, 194 DPR 723, 729 (2016).

La Regla 52.1 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, delimita las instancias en que el Tribunal de Apelaciones expedirá un recurso de certiorari para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. Esto es, cuando "se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo." *Íd*. Asimismo, dicha regla dispone otras instancias en las que este foro intermedio, discrecionalmente, podrá revisar otros dictámenes del Tribunal de Instancia, esto es:

> No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso

irremediable de la justicia. Regla 52.1 de Procedimiento Civil, *supra*.

Por otra parte, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B R. 40, establece los criterios que este foro debe tomar en consideración al atender una solicitud de expedición de este recurso discrecional. Estos son:

a. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

b. Si la situación de hechos planteada es la más indicada para el análisis del problema.

c. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

d. Si el asunto planteado exige una consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

e. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

f. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

g. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Los criterios previamente transcritos pautan el ejercicio sabio y prudente de la facultad discrecional judicial. *Mun. de Caguas v. JRO Contruction*, 201 DPR 703, 712 (2019). La delimitación que imponen estas disposiciones reglamentarias tiene "como propósito evitar la dilación que causaría la revisión judicial de controversias que pueden esperar a ser planteadas a través del recurso de apelación." *Scotiabank v. ZAF Corp. et al.*, 202 DPR 478, 486-487 (2019).

**-B-**

El emplazamiento por edicto está regulado en la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, mediante el cual establece:

> (a) Cuando la persona a ser emplazada este fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizarse de las diligencias pertinentes, o se oculte para no ser emplazada o si es una corporación extranjera sin agente residente, y así se compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias y aparezca también de dicha declaración, o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un emplazamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga por edicto.

La orden dispondrá que el emplazamiento se haga una sola vez en un periódico de circulación general de la Isla de Puerto Rico. La orden dispondrá, además, que dentro de los diez (10) días siguientes a la publicación del edicto se le dirija a la parte demandada una copia del emplazamiento y de la demanda presentada, por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo, siempre y cuando dicha entidad no posea vínculo alguno con la parte demandante y no tenga interés en el pleito, al lugar de su última dirección física o postal conocida, a no ser que se justifique mediante una declaración jurada que a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar

dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición.

En *Caribbean Orthopedics Products of Puerto Rico v. Medshape, Inc.,* 207 DPR 994, 1008-1009 (2021), el Tribunal Supremo de Puerto Rico reconoció que el demandante queda excusado de cumplir con el requisito de notificación a la última dirección conocida, siempre y cuando justifique en una declaración jurada que, a pesar de los esfuerzos realizados, no ha podido localizar dirección alguna de la demandada.

La parte que solicita emplazamientos por edicto tiene que acreditar que ha sido diligente en tratar de localizar a la parte demandada con el propósito de diligenciar el emplazamiento personal. La demandante, además, debe acreditar que no ha podido localizar a la demandada, a pesar de las diligencias realizadas. El emplazador deberá prestar una declaración jurada con detalles de las gestiones realizadas para localizar al demandado. El tribunal solo puede autorizar los emplazamientos por edicto, cuando el demandante demuestra fehacientemente que ha llevado a cabo diligencias potencialmente efectivas para encontrar al demandado. *Lanzo Llanos v Banco de la Vivienda*, 133 DPR 512 (1993).

La declaración jurada que le sirve de base tiene que demostrar con hechos específicos que el demandante ha realizado gestiones encaminadas en forma eficaz para localizar al demandado y emplazarlo personalmente y que, a pesar de esa diligencia, ha sido imposible localizarlo. La razonabilidad de las gestiones efectuadas dependerá de las circunstancias particulares de cada caso y la suficiencia de las diligencias se

medirá a base de todos los recursos que el demandante tiene razonablemente accesibles para intentar localizar al demandado. Tal determinación deberá estar basada en examinar, si a la luz de las circunstancias particulares del caso, el demandante agotó todas las posibilidades que tenía razonablemente disponibles para localizar al demandado y emplazarlo personalmente. *Lanzo Llanos v. Banco de la Vivienda,* supra, págs. 513-514.

De otra parte, en *Rivera v. Jaume*, 157 DPR 562 (2002), el Tribunal Supremo de Puerto Rico interpretó la entonces vigente Regla 4.5 de Procedimiento Civil sobre emplazamientos por edicto, allí resolvió que:

> En los casos en los que el demandado se encuentre fuera de Puerto Rico y la parte demandante ignora la dirección del demandado fuera de Puerto Rico se exige prueba de las diligencias específicas para localizar al demandado antes de expedir el emplazamiento por edicto y relevar al demandante del envío por correo de los documentos pertinentes. **Por el contrario, cuando el demandado se encuentra fuera de Puerto Rico y al demandante le consta el lugar específico donde este se encuentra y así lo informa al tribunal, no se requiere la comprobación de las diligencias vigorosas y honesto esfuerzo para citarle personalmente y es compulsorio el envío por correo certificado con acuse de recibo de la copia de la demanda, la orden para emplazar mediante edicto y el edicto mismo.** (Énfasis nuestro).

> En estas circunstancias, la citada Regla 4.5 de Procedimiento Civil exige que dichos documentos sean enviados al lugar de la última residencia conocida del demandado. El significado y alcance de este requisito fue interpretado por este tribunal en *Rodríguez v. Nasrallah*, 118 DPR 98 (1986). *Rivera v. Jaume*, supra, págs. 575-577.

El criterio adoptado por nuestro más Alto Foro es a los efectos de que cumple con el requisito de notificar al lugar de la última residencia conocida del demandado si dicha notificación fue enviada a una dirección que esté razonablemente calculada, dentro de las

circunstancias particulares del caso, para darle aviso a la parte contraria de la reclamación que se ha presentado en su contra. Rivera v. Jaume, supra, págs. 577, citando a Evans v. Galloway, 701 P.2d 659, 661.

La Regla 4.5 de Procedimiento Civil, *supra*, y su jurisprudencia interpretativa surge que la notificación tiene que dirigirse al lugar, ciudad, estado o país donde el demandante haya ubicado la última residencia del demandado conocida. La notificación tiene que tener una posibilidad razonable de informar al demandado de la reclamación en su contra, de acuerdo a las circunstancias particulares del caso. La dirección a la que se envía la notificación puede enviarse a la dirección postal dentro del último lugar de residencia conocido del demandado, siempre que se pruebe, a satisfacción del tribunal, que el envío a esa dirección informará razonablemente al demandado de la reclamación en su contra. *Rivera v. Jaume*, supra, pág. 578. Cuando la dirección ofrecida en la declaración jurada para autorizar el emplazamiento mediante edicto ya no es la dirección del demandado, se requiere que el demandante demuestre que realizó un esfuerzo razonable para encontrar una dirección correcta donde enviar la notificación. *Rivera v. Jaume*, supra, pág. 580.

El tratadista Cuevas Segarra señala que los requisitos más importantes del emplazamiento por edicto son los siguientes:

> 1) La declaración jurada inicial donde se disponen las diligencias efectuadas para localizar a la persona a ser emplazada;

> 2) que se le envíe al demandado por correo certificado a su última dirección conocida, dentro de los 10 días luego de expedida la *Orden* para que se emplace por edictos, copia de la demanda y del emplazamiento y;

3) el diligenciamiento dentro de los ciento veinte días luego de ser expedido. Cuevas Segarra, *Tratado de Derecho Procesal Civil,* 2da ed., USA, Publicaciones JTS, 2011, T. I, pág. 354.

A su vez, el tratadista dispuso, que la precitada regla establece las circunstancias en las que los tribunales pueden autorizar un emplazamiento por edicto. Según lo dispuesto, previo a autorizar la publicación del edicto, el juez tiene que haber comprobado a su satisfacción, las diligencias efectuadas por el demandante para lograr el emplazamiento personal. El demandante tiene que comprobar dichas diligencias mediante una declaración jurada suficiente en derecho. La declaración jurada tiene que incluir hechos específicos de las gestiones efectivas realizadas para localizar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para localizarlo. No obstante, la declaración jurada no debe estar basada en conclusiones o en generalidades. Dicha declaración es parte integral del procedimiento. El tribunal no adquiere jurisdicción si la declaración presentada es insuficiente para inspirar el convencimiento judicial. Se trata de un requisito de cumplimiento estricto que incide de manera fatal sobre la jurisdicción. Su omisión no puede subsanarse, mediante la presentación de una declaración jurada con posterioridad al emplazamiento requerido. Véase, *Global Gas Inc. v. Shalaam Realty Corp.,* 164 DPR 474 (2005); *Márquez Resto v. Barreto Lima*, 143 DPR 137 (1997), bajo la vigencia de la Regla 4.5 de 1979, que en las Reglas del 2009 es la Regla 4.6. Véase, Cuevas Segarra, *op. cit.,* págs. 353 y 355.

De otra parte, Cuevas Segarra señala el emplazamiento por edicto como el método a usar cuando la persona a ser emplazada se hallare fuera de Puerto Rico. Cuevas Segarra, *op. cit.*, pág. 354. Nos explica que la Regla 4.6, *supra*, exige la comprobación de las diligencias vigorosas realizadas por el demandante y su esfuerzo honesto para citar personalmente a un demandado que está fuera de Puerto Rico y que se ignora su dirección o paradero. Sin embargo, esta exigencia no aplica, cuando el demandante tiene constancia del lugar determinado fuera de Puerto Rico que está el demandado y lo informa al tribunal. Cuando el demandante ignora la dirección del demandado fuera de Puerto Rico, las diligencias para localizarlo personalmente no pueden ser practicadas por la parte, su abogado o persona con interés en el pleito. En tal caso, la declaración jurada sobre las diligencias realizadas para emplazar personalmente al demandado es insuficiente. Cuevas Segarra, *op. cit.*, pág. 356. Véase, *Pagán v. Rivera*, 113 DPR 750 (1983).

De acuerdo con Cuevas Segarra, la declaración jurada debe expresar las personas con quienes investigó el paradero del demandado y sus direcciones. Además, debe incluir las gestiones realizadas con las autoridades de la comunidad, la policía, el alcalde, el administrador, porque son las personas llamadas a conocer la residencia o paradero de quienes viven en la comunidad. Una declaración jurada insuficiente, impide que el tribunal adquiera jurisdicción. No obstante, la razonabilidad de las gestiones efectuadas dependerá de las circunstancias particulares de cada caso, que el juez corrobora a su satisfacción antes de autorizar los

emplazamientos por edicto. Cuevas Segarra, *op. cit.,* págs. 356-357. Véase, *Banco Popular v. Negrón Barbosa,* 154 DPR 249 (2005) y *Lanzo Llanos v. Banco de la Vivienda,* supra.

## III.

Luego de aplicar los criterios dispuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, *supra,* y en el ejercicio de nuestra discreción como foro revisor, determinamos que procede expedir el presente recurso de *certiorari,* para revocar la *Orden* recurrida.

Mediante el único señalamiento de error formulado, la señora Rivera sostiene que incidió el foro primario al denegar autorizar la expedición del emplazamiento por edicto. Ello, cuando presentó una declaración jurada indicando que el señor Martínez reside fuera de la jurisdicción de Puerto Rico, e incluyó su última dirección conocida, con especificidad de número de casa, calle, ciudad y estado de residencia. Tiene razón. Veamos.

El propósito de las reglas que regulan el emplazamiento por edicto es brindarle al demandado una garantía óptima de su derecho a ser oído. La Regla 4.6(a) de Procedimiento Civil, *supra,* dispone que cuando la persona a ser emplazada esté fuera de Puerto Rico, el foro primario puede emitir una orden mediante la cual disponga que su emplazamiento se lleve a cabo por edicto.

Por consiguiente, conforme a la normativa antes expuesta, no será necesario acreditar las diligencias hechas para citar al demandado personalmente, cuando a la parte demandante le consta que el demandado se halla fuera de Puerto Rico, en un lugar determinado, y el cual ha sido informado al tribunal.

Es importante enfatizar el hecho de que, ante el supuesto de un demandado que se encuentre fuera de Puerto Rico, procede que el foro primario autorice el emplazamiento mediante edicto. Ello, pues se trata de la herramienta provista en nuestras Reglas de Procedimiento Civil, *supra*, para la notificación adecuada a demandados que están fuera de nuestra jurisdicción.

En el caso de autos, el foro primario ordenó a la señora Rivera a que contratara a un emplazador privado, sin interés en el pleito, y acreditara las gestiones llevadas a cabo bajo juramento; puesto que, la declaración jurada no podía ser presentada por la peticionaria.

Sin embargo, no es necesario que la señora Rivera acredite las diligencias hechas para citar al señor Martínez personalmente, cuando la peticionaria tiene conocimiento de que el señor Martínez se encuentra fuera de Puerto Rico, y así lo acreditó ante el tribunal mediante declaración jurada, informándole la dirección exacta de donde reside.

Por tanto, procede eximirle a la peticionaria del requisito de acreditar las diligencias, como requisito previo a la autorización y expedición del emplazamiento por edicto solicitado. Así las cosas, procedemos a revocar el dictamen recurrido.

**IV.**

Por los fundamentos antes expuestos, se **EXPIDE** el *certiorari* de epígrafe, y se **REVOCA** la *Orden* recurrida. Consecuentemente, se le **ordena** a la Secretaría del Tribunal de Primera Instancia, Sala Superior de

Carolina, que expida el emplazamiento por edicto que corresponda en este caso.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones